UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOC CHI DUONG,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY GONSALEZ, et al.,<br><br>  Defendants. | No. 1:22-cv-01409-SKO<br><br>**ORDER DISMISSING WITH LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>(THIRTY DAY DEADLINE) |

    Plaintiff, Loc Chi Duong, an immigration detainee, filed this action on the form for claims brought under 28 U.S.C. § 1983. (Doc. 1.) Plaintiff brings claims sounding in habeas, civil rights, and a motion pursuant to § 2255. He complains of testing positive for COVID-19 with chronic pain and complicated medical issues. He also contends he is being subjected to cruel and unusual punishment by being housed in an unsanitary place with insufficient food. Such claims concern the conditions of confinement and are properly brought in a civil rights action.

    Plaintiff also claims that his due process rights were not implemented under the Fifth Amendment prohibition on double jeopardy. This claim appears to challenge the underlying conviction and should be brought in a motion to vacate pursuant to 28 U.S.C. § 2255. Finally,

1

Plaintiff claims he is being subjected to prolonged detention. Such claim concerns the execution of the sentence and is properly brought in a habeas action. It is therefore indiscernible whether Plaintiff desires to pursue this as a habeas petition, as a civil rights action under 42 U.S.C. § 1983, or as a motion to vacate pursuant to 28 U.S.C. § 2255. He cannot pursue them together in the same action. Thus, Plaintiff will be provided the forms for the three types of actions, leave to file an amended complaint/petition/motion on the form that correlates with the action he intends to pursue here, and information pertaining to the differences in filing fees in each type of action.

## I.     Civil Rights Claims Under 42 U.S.C. § 1983

The Civil Rights Act provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff during his confinement. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects; another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### A.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis* in subsequent civil actions. See 28 U.S.C. § 1915(g); Richey v. Dahne, 807 F.3d 1201, 1208 (9th Cir. 2015).

### B.   **Filing Fees**

The filing fee for civil actions is $400M—$350 of which is required by 28 U.S.C. § 1914(a) and a $50 administrative fee per 28 U.S.C. § 1914, note 14. A party who cannot afford to pay that amount in a lump sum, may apply for *in forma pauperis* status under 28 U.S.C. § 1915. This section states:

> (b)(1) . . . if a prisoner brings a civil action or files an appeal *in forma paperis*, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
>   (A) the average monthly deposits to the prisoner's account; or
>   (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> (2) After the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Thus, *in forma pauperis* status does not waive the civil action filing fee for incarcerated plaintiffs; it instead allows an incarcerated plaintiff to make payments on the filing fee until it is paid in full. If Plaintiff desires to proceed pursuant to § 1983 and a motion for *in forma pauperis* is granted, monthly withdrawals will be made from his inmate trust account to make payments on his filing fees for the present action and any other civil actions of Plaintiff's. Such withdrawals will continue until the filing fees in all of Plaintiff's civil actions are paid in full, regardless of whether the action remains pending or is dismissed.

### C.   *Heck v. Humphrey*

Plaintiff also appears to seek release from prolonged detention and appears to challenge his conviction. (Doc. 1.) However, when a prisoner challenges the legality or duration of his

3

custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

## II.     Motion to Vacate, Correct Sentence Pursuant to 28 U.S.C. § 2255

As noted above, Plaintiff also claims that his Fifth Amendment due process rights were violated, thus appearing to challenge the underlying conviction.  A federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court.  See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  Plaintiff provides no information concerning the underlying conviction.  If in fact he wishes to challenge his conviction, he must complete and file a motion pursuant to § 2255 in the sentencing court.

### A.     Filing Fee

There is no filing fee for filing a motion under § 2255 in the sentencing court.

## III.    Habeas Actions Under 28 U.S.C. § 2241

Plaintiff also claims his detention has been wrongfully prolonged and appears to challenge the execution of his sentence.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a motion to vacate pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Brown v.

1   United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th
2   Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v.
3   Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991).  To receive relief under 28 U.S.C. § 2241, a
4   petitioner in federal custody must show that his sentence is being executed in an illegal, but not
5   necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir.
6   1995) (contending time spent in state custody should be credited toward federal custody); Jalili,
7   925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center);
8   Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could
9   receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of
10  inaccurate pre-sentence report used to deny parole).

### A.     Exhaustion Requirement

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. §

1 | 542.10 et seq.

**B.     Filing Fees**

The fee for filing a habeas petition is $5.00, 28 U.S.C. § 1914, which will be waived on showing of poverty.

## IV.    CONCLUSION

Because it is unclear which form of action Plaintiff desires to pursue, Plaintiff's Complaint is dismissed with leave to file a first amended complaint or first amended petition on the correlating form **within thirty (30) days** from the date of service of this order.  If Plaintiff seeks to challenge the underlying conviction, he must file a § 2255 motion in the sentencing court.  If Plaintiff no longer desires to pursue this action, he shall file a notice of voluntary dismissal **within the thirty (30) day deadline.**  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time **within the thirty (30) day deadline.**

If Plaintiff decides to pursue claims under section 1983, he must demonstrate in any first amended complaint how the conditions of which he complains have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supersedes the original, Lacey v.

Maricopa County, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  If Plaintiff pursues this action under § 1983, he may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff elects instead to file a habeas petition, he must complete the form petition included with this order.  Further, he must include only those claims challenging the execution of his sentence.

If Plaintiff seeks to challenge his conviction by way of a motion to vacate under § 2255, he must complete and file his motion in the sentencing court.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to amend his pleading;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form, a habeas corpus petition form, and a § 2255 form;
3. **Within thirty (30) days** from the date of service of this order, Plaintiff must file:
   a. a first amended complaint under 24 U.S.C. § 1983; or
   b. a first amended habeas corpus petition; or
   c. a motion to vacate under 28 U.S.C. § 2255 (if the Fresno Division of the Eastern District is in fact the sentencing court); or
   d. a notice of voluntary dismissal; and
4. **If Plaintiff fails to comply with this order, the Court will recommend the action be dismissed.**

IT IS SO ORDERED.

Dated:   **November 9, 2022**                            /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE