UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOC CHI DUONG,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY GONSALEZ, et al.,<br><br>　　　　　　Defendants. | No. 1:22-cv-01409-SKO<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION**<br><br>**[21-DAY OBJECTION DEADLINE]** |

　　　　Plaintiff, Loc Chi Duong, a former immigration detainee, filed this action on the form for claims brought under 28 U.S.C. § 1983. (Doc. 1.) Upon screening of the complaint, the Court found that Plaintiff had raised claims sounding not only in civil rights but also in habeas and § 2255. Plaintiff was advised that he could not pursue them together in the same action. Plaintiff was provided the forms for the three types of actions and granted leave to file an amended complaint/petition/motion on the form that correlated with the action he intended to pursue.

　　　　On December 8, 2022, Plaintiff filed an amended civil rights complaint. Upon review of the complaint, the Court finds it suffers from the same deficiencies. Once again, Plaintiff raises claims concerning conditions of confinement, such as the lack of medical care and unsanitary environment. And again, Plaintiff also raises habeas claims such as prolonged detention and double jeopardy. Plaintiff was advised he could not raise civil rights and habeas claims in the

same action, but he did so again.  Moreover, the claims either make no sense or are conclusory.  For example, in Ground One, Plaintiff accuses the CDCR of violating the "Trust Act – Striker Plea Deal."  The Court has no idea what this is, nor does Plaintiff discuss and support it.  Plaintiff further complains that he suffered prolonged detention for almost four months.  He does not expound on this claim as to how his rights were violated or who violated them.  The claim is entirely conclusory.  In Ground Two, Plaintiff complains that prison conditions are unsanitary and that the food provided is insufficient.  Plaintiff states, however, that he has been released, and thus, those prison conditions are no longer at issue.

For the foregoing reasons, the Court finds that Plaintiff fails to state a claim upon which relief may be granted, whether under civil rights, habeas, or § 2255.  Plaintiff was afforded the opportunity to present only cognizable civil rights claims or habeas claims, but he failed to do so.  The Court finds that granting another opportunity to amend would be futile.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

For the above reasons, the Court RECOMMENDS that the complaint/petition be DISMISSED with prejudice for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified

/////

/////

/////

time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **December 9, 2022**              /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE